IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CEDRIC FLOYD, #226328 | : |
|     Plaintiff, | : |
| vs. | :    CIVIL ACTION 13-0167-CG-C |
| SHERIFF GROVER SMITH, *et al.*, | : |
|     Defendants. | : |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration of the pleadings on record, it is recommended that this action be dismissed without prejudice prior to service of process because it fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(ii).

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on or about April 4, 2013, by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2).  His amended complaint was filed on May 16, 2013 (Doc. 10). Plaintiff was granted leave to proceed *in forma pauperis* on May 7, 2013 (Doc. 8) but was required to pay a partial filing fee.  The payment of the partial filing fee was received on June 24, 2013 (Doc. 15).  Even though the motion to proceed *in forma pauperis* has been granted and a partial filing fee paid, the review process

required by 28 U.S.C. § 1915A is ongoing in order to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Plaintiff is detained in Kilby Correctional Facility, Mount Meigs, Alabama and is serving a fifteen-year sentence after convictions of first-degree rape, first-degree sodomy and first-degree criminal mischief.  He is also facing a capital murder charge that is pending in Escambia County, Alabama which forms the basis for his complaint.  The four defendants that he names are all public officials that are, or have been, involved in his pending criminal action: Matthew Hammonds, Deputy Sheriff of Escambia County, Sheriff Grover Smith; Escambia County District Attorney Stephen M. Billy; and Chief Deputy District Attorney Jeffery J. Stearns.

In this action for injunctive relief and a declaratory judgment,[1] plaintiff alleges that Officer Matthew Hammonds, upon the authorization of Sheriff Grover Smith, "took all [his] Attorney/Client [p]rivileged communications in relation to a[n] [a]lleged capital offense and gave them to Stephen M. Billy and J. Stearns[,] the District Attorneys that [are] prosecuting [the plaintiff]." Doc. 10, p. 5.  Furthermore, he claims that even after District Attorney Billy was disqualified from prosecuting his capital case, Billy's office provided information to the

---

[1] Mr. Floyd, in his original complaint, did demand monetary damages but abandoned that claim for relief after he was required to file his complaint on a court-provided form. His first demand was for "2 million [d]ollars for [l]ife [threatening, mental, and [e]motional [d]amage [] & [a] [d]ismissal of the [c]apital [m]urder [i]ndictment … ." Doc. 1, p. 4.  In the amended complaint, required by local rules and a court order, his only request was: "I want the Court to dismiss my capital murder indictment & make declaratory judgment." Doc. 10, p. 9. Even if his claims for damages are considered, they are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  *Thomas v. Pugh*, 9 F. App'x 370, 371–72 (6th Cir.2001) (dismissing, under Heck, pretrial detainee's § 1983 claims that he was denied his constitutional rights to a speedy indictment, speedy trial, due process and equal protection, and that there were numerous other alleged constitutional defects in his criminal proceeding).

members of the Attorney General's Office that took over the prosecution of his case, depriving plaintiff of the ability to mount a viable defense and a fair trial.

**II. ANALYSIS**

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if it is determined that the claims are frivolous, malicious or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court *shall* dismiss the case at any time if the court determines that-- … the action … (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; … .") (emphasis added) and  28 U.S.C. §§ 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- … is frivolous, malicious, or fails to state a claim upon which relief may be granted; … .")

In the Court's review to determine if plaintiff's claims fail to state a claim upon which relief may be granted, his *pro se* claims are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and are reviewed under the standard required by motions filed pursuant to Fed. R. Civ. P. 12(b)(6).  The factual allegations are deemed to be true and reasonable inferences derived from the facts in the complaint are evaluated in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.1994).  Complaints are "subject to dismissal under Rule 12(b)(6) when [their] allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir.2001).

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), it was decided that federal courts must not interfere with state criminal prosecutions, save in exceptional and extremely limited circumstances. The exceptions to this general rule are a showing of a bad faith prosecution, irreparable injury if the federal court fails to act or the absence of an ability to raise the constitutional issues in a state forum. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263, fn. 6 (11th Cir.2004). The *Younger* bar to federal intervention is clearly applicable here where the thrust of plaintiff's complaint is to obtain a federal injunction or declaratory judgment that would deny state officials the ability to continue with the capital murder prosecution. Thus, in order for this Court to become involved at this stage, plaintiff is required to show that his circumstances fall into at least one of the exceptions to the *Younger* bar. Plaintiff has not attempted to show that any of the exceptions are applicable, nor is it evident from the complaint that any special circumstances warrant federal intervention. *See Wright v. Volland*, 331 Fed.Appx. 496, 498 (9th Cir. 2009) (unpublished) (Plaintiff's habeas action to have state criminal charges dismissed on Speedy Trial grounds was dismissed as premature.)

In addition, plaintiff fails to show that his concern for receiving a fair trial cannot be raised and protected in state court, giving him an adequate forum in which to obtain relief. He has made this very point by providing the information that he and his attorneys were successful in obtaining the disqualification of the Escambia County District Attorney. The prosecution of his case is now within the jurisdiction of the Alabama Attorney General.

### III. CONCLUSION

The complaint filed in this action fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(ii). This Court should not interfere with the criminal proceedings ongoing in Escambia County, Alabama.  In addition, it would be futile to allow Mr. Floyd to file an additional amended complaint.  Accordingly, it is recommended that the complaint be DISMISSED WITHOUT PREJUDICE prior to service.

## IV.  NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 2nd day of July, 2013.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE